IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RONALD L. RHODES,**              )
                                    )
       **Plaintiff,**         )
                                    )
**v.**                              )
                                    )    No. 07-3228-CM
                                    )
**DONALD RAYMOND, et al.,**         )
                                    )
       **Defendants.**        )
                                    )

## ORDER

Plaintiff Ronald L. Rhodes, a prisoner at the Lansing Correctional Facility ("Lansing"), brings this *pro se* civil rights action claiming that state funding of the program operated by the InnerChange Freedom Initiative, Inc. ("IFI") at Lansing, called the InnerChange Program, constitutes (1) a violation of the First Amendment; (2) a deprivation of equal protection; and (3) a deprivation of due process. Plaintiff seeks to enjoin state funding of the InnerChange Program and further seeks an order requiring defendants to reimburse the state funds defendants received for purposes of the InnerChange Program. The case is before the court on a motion for summary judgment filed by defendant Donald Raymond (Doc. 52), and a motion for summary judgment filed by the remaining defendants (Doc. 54). For the reasons that follow, the court reserves a ruling on the motions and orders additional briefing as set out below.

As a threshold matter, this court is concerned about its jurisdiction. Although the parties presume jurisdiction pursuant to 28 U.S.C. § 1331, the court has an independent duty to determine whether it has jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986). Federal-court jurisdiction is limited to

actual "Cases" and "Controversies ." U.S. Const., Art. III. A controlling factor in the definition of such a case or controversy is standing, which **requires a plaintiff to allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."** *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587 (2007) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989); *Allen v. Wright*, 468 U.S. 737, 751 (1984)). While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a *pro se* party's] case," *Sears v. Equal Employment Opportunity Comm'n*, No. 86-2470, 1987 WL 15547, at *1 (January 14, 1987 D.D.C.), the court will not construe the plaintiff's complaint to create jurisdiction where there is none. A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

The court has carefully reviewed the record, and has determined that additional briefing would assist the court in determining whether, on the undisputed facts, plaintiff presents a justiciable case or controversy. The court therefore reserves a ruling on the pending summary judgment motions. The parties are directed to brief the question of jurisdiction raised by the court. Both parties will have 21 days from the date of this order within which to file a brief. Briefs are not to exceed ten (10) pages. Each party will have eleven (11) days from the date the opposing party's brief is filed in which to file a response, not to exceed five (5) pages. The court will accept consolidated briefing from defendants.

**IT IS THEREFORE ORDERED** that the court will reserve a ruling on the pending summary judgment motions (Docs. 52, 54).

**IT IS FURTHER ORDERED** that both parties will have twenty-one (21) days from the

date of this order within which to file a brief as directed in this order.  Briefs are not to exceed ten (10) pages.  Each party will have eleven (11) days from the date the opposing party's brief is filed in which to file a response, not to exceed five (5) pages.

      Dated this 23rd day of April, 2009, at Kansas City, Kansas.

                              **<u>s/ Carlos Murguia</u>**
                              **CARLOS MURGUIA**
                              **United States District Judge**