IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| **RONALD L. RHODES,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | ) |
|  | )  No. 07-3228-CM |
|  | ) |
| **DONALD RAYMOND, et al.,** | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## MEMORANDUM AND ORDER

Plaintiff Ronald L. Rhodes, a prisoner at the Lansing Correctional Facility ("Lansing"), brings this *pro se* civil rights action claiming that state funding of the program operated by the InnerChange Freedom Initiative, Inc. ("IFI") at Lansing, *i.e.*, the InnerChange Program, constitutes (1) a violation of the First Amendment; (2) a deprivation of equal protection; and (3) a deprivation of due process. Plaintiff seeks to enjoin state funding of the InnerChange Program and further seeks an order requiring defendants to reimburse the state funds it received from the State for purposes of the InnerChange Program. The case is before the court on a motion for summary judgment filed by defendant Donald Raymond (Doc. 52), and a motion for summary judgment filed by the remaining defendants (Doc. 54). Also before the court are briefs filed in response to this court's order dated April 23, 2009, directing the parties to brief the issue of jurisdiction (Doc. 62). For the reasons that follow, the court dismisses the case with prejudice for lack of jurisdiction.

**I.      Background[1]**

---

[1] For purposes of this memorandum and order, the court finds the following material facts to
(continued...)

### A.     IFI InnerChange Program

The InnerChange Program is a prerelease, values-based treatment program designed to transform inmates into good citizens, reduce recidivism rates, and prepare inmates for community reintegration with educational and ethical instruction. The program is operated by IFI. Pursuant to a contract between IFI and the Kansas Department of Corrections ("KDOC"), IFI operated the InnerChange Program at the Ellsworth Correctional Facility until May 2007. On March 1, 2007, the contract was amended to extend the term of the contract, to change the location of the InnerChange Program from the Ellsworth Correctional Facility to the Lansing Correctional Facility, and to stop KDOC's partial funding of the InnerChange Program, effective July 1, 2006. The InnerChange Program began operating at Lansing in May 2007. On June 1, 2007, the contract was amended to extend the term of the contract.

The KDOC's last payment to IFI under the old contract was made on August 22, 2008. That payment was for services rendered by IFI before July 1, 2006. Pursuant to the amended contract, the State has not paid IFI for services rendered after July 1, 2006.

### B.     Plaintiff's Involvement with the Program

Plaintiff is serving a life sentence for a 1980 first-degree murder conviction. Plaintiff is to remain incarcerated unless and until the Kansas Parole Board, in its discretion, grants him parole. The earliest date upon which he could have been paroled at the discretion of the Kansas Parole Board was February 3, 1996. Plaintiff's custody classification does not preclude plaintiff from

---

[1] (...continued)
be undisputed.

participating in the InnerChange Program.

Defendant Raymond is the Program Director of the InnerChange Program operating at Lansing. The program is voluntary, and IFI is solely responsible for the recruitment of inmate participants. KDOC does not participate in the assessment, orientation, preparation or selection of program participants. However, no inmate may participate without KDOC approval. On May 21 and 30, 2007, defendant Raymond conducted introductory meetings at Lansing for inmates interested in participating in the InnerChange Program. Plaintiff attended one of these meetings. Plaintiff alleges that, of the eleven inmates who attended the orientation, he was the only inmate not accepted into the program.

On May 31, 2007, plaintiff received a disciplinary report charging him with "being in a state of drunkenness," DR No. 4377 (the "DR"). Defendant Raymond asserts that he learned of plaintiff's DR during the first week of June 2007, and subsequently informed plaintiff that, because of the DR, plaintiff would not be considered for the InnerChange Program at that time.

Plaintiff, on the other hand, alleges that he was informed that he would not be accepted into the program "a week" before he received the DR, and "a couple of weeks" before defendant Raymond informed him of the same. Although plaintiff was initially found guilty of the DR, that finding was reversed after a second hearing, and the not-guilty finding was approved by the warden's office several months after this action was filed.

### C. Proceedings in this Court

Plaintiff filed this complaint on August 30, 2007 against Raymond, as well as others allegedly involved in the decision to deny plaintiff entry into the InnerChange Program: Roger Werholtz, the Secretary of Corrections for the State of Kansas; David R. McKune, the Warden of the Lansing Correctional Facility; Donald Portice, a Unit Team Manager at Lansing; Shirley Hensley, a

-3-

Corrections Counselor II at Lansing; and Paul Feliciano, Jr., the Chair of the Kansas Parole Board.

Nearly one year after filing this complaint, plaintiff sought to amend it. (Doc. 42.) In his motion, he proposed amendments to correct the names of parties and their titles; to modify his first and second claims; and to clarify the relief sought. The court granted plaintiff leave to file an amended complaint. (Doc. 47). However, plaintiff failed to file an amended complaint pursuant to the court's order and D. Kan. R. 15.1. Nevertheless, for the purpose of this memorandum and order, the court considers plaintiff's proposed amendments in addition to the complaint.

In Count I, plaintiff alleges that "partial state funding of the InnerChange Freedom Initiative Program violates the First Amendment separation of church and state." In support, he argues that the program is a religious program designed to promote Christianity, and that it excludes similarly-situated inmates based on "custody classifications, different religious beliefs, invidious discrimination, etc." (Doc. 1, at 4.) In his proposed amendments, plaintiff clarifies that, while he considers partial funding to constitute state action, he also points to the fact that the state furnishes the building in which IFI conducts the InnerChange Program; pays the costs of renovations for such building; and employs state actors to provide security and counseling. He notes that the funding for the IFI program was drawn from the Inmate Benefit Fund.

In Count II, plaintiff contends that InnerChange Program's selection practices violate equal protection and due process because the program receives or obtains preferential treatment for its participants while denying the same to other similarly-situated inmates by virtue of its partial state funding.

Count III also alleges that the selection practices of this state-funded program violate the First Amendment and due process by determining whether an inmate can participate in a religious program, and by discriminating against other inmates.

-4-

Finally, plaintiff alleges in Count IV that "the [Kansas Parole Board's] requiring inmates to complete [the InnerChange Program] violates separation of church and state." (Doc. 1, at 6.) He alleges that the parole board gives preferential treatment to participants in the program "for the purpose of favorable parole consideration." (Doc. 1, at 6.) Defendant Raymond asserts that the InnerChange program has no decision-making authority with respect to an inmate's parole. The remaining defendants assert that the Parole Board does not require participation as a prerequisite for release, and that there is no evidence suggesting that participation or completion of the program results in an earlier parole.

Plaintiff's complaint seeks reimbursement from "defendants" of state funds previously paid. Plaintiff's amended complaint seeks reimbursement from "IFI" in the amount of $200,000 in state funds it allegedly received from the State for purposes of the InnerChange Program. The amended complaint also demands that IFI reimburse the State for its use of state employees, its use of the state's building, and for any renovations made to state buildings for the purposes of the InnerChange Program.

Defendant Raymond's motion for summary judgment asks this court to dismiss each of plaintiff's claims because (1) the InnerChange Program operating at Lansing does not receive any funding from the State; (2) the Kansas Parole Board does not require inmates to participate in the InnerChange Program as a prerequisite for parole; (3) there is no evidence of preferential treatment or discrimination; and (4) plaintiff failed to exhaust administrative remedies as to defendant Raymond. The remaining defendants' motion cites the same first three reasons as requiring dismissal of plaintiff's claims. Each fully adopts the arguments set forth in the other. The court therefore considers the motions together.

On April 23, 2009, this court issued an order reserving a ruling on the motions, and

requesting additional briefing on the question of Article III standing and the justiciability of plaintiff's case. Those briefs have been filed (Docs. 63, 64). The court's deadline for responses has passed, and the court is ready to rule.

## II. Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

Where, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "'does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id.* at 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

**III.   Discussion**

   **A.   Jurisdiction**

As set out in its April 23, 2009 order, this court has an independent duty to determine whether it has jurisdiction. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *Koerpel v. Heckler*, 797 F.2d 858, 861 (10th Cir. 1986). Federal-court jurisdiction is limited to actual "Cases" and "Controversies." U.S. Const., Art. III. A controlling factor in the definition of such a case or controversy is standing, which requires a plaintiff to allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587 (2007) (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989); *Allen v. Wright*, 468 U.S. 737, 751 (1984)). While "failure [to] set forth clear and particularized jurisdictional allegations is not fatal to [a pro se party's] case," *Sears v. Equal Employment Opportunity Comm'n*, No. 86-2470, 1987 WL 15547, at *1 (January 14, 1987 D.D.C.), the court will not construe the plaintiff's complaint to create jurisdiction where there is none. Federal courts, as courts of limited jurisdiction, may exercise jurisdiction only when authorized. A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

There is a presumption against federal jurisdiction, and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. Mere conclusory allegations of jurisdiction are not enough. Under Federal Rule of Civil Procedure 12(b)(1), this court may dismiss a claim for lack of subject matter jurisdiction.

The court has carefully reviewed and liberally construed plaintiff's complaint, and it has considered his proposed amendments, and his brief on the issue of jurisdiction. Plaintiff asserts that

-7-

he has standing as a member in the general inmate population who has contributed to the KDOC Inmate Benefit Fund. Plaintiff's claim of injury apparently stems from (1) being denied participation in the program; and/or (2) the fact that the program received state funding at an earlier time. The court concludes that plaintiff's claims must be dismissed because neither basis is legally sufficient to create jurisdiction in this court.

Plaintiff asserts that he has been contributing to the Inmate Benefit Fund since IFI's inception. Plaintiff's claims cannot go forward on the basis that, at some time in the past, at a different facility, the InnerChange Program received state funding. An inmate's interest in seeing that state funds are spent in accordance with the Constitution is too attenuated to give rise to the kind of redressable "personal injury" required for Article III standing. *See, e.g., Hein v. Freedom From Religion Foundation, Inc.*, 551 U.S. 587, __, 127 S. Ct. 2553, 2559 (2007) (citing *Frothingham v. Mellon, decided with Massachusetts v. Mellon*, 262 U.S. 447, 485–86 (1923)). Nor can plaintiff base his claims on alleged injury he personally suffered when he was denied participation in the program: the uncontroverted facts reveal that, at the time plaintiff was denied participation in the program, it was not receiving state funds.

Although the court construes plaintiff's pleadings liberally, it will not create or construct arguments for him. Federal courts must balance "the heavy obligation to exercise jurisdiction," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 820 (1976), against the "deeply rooted" commitment "not to pass on questions of constitutionality" unless adjudication of the constitutional issue is necessary, *Spector Motor Serv., Inc. v. McLaughlin*, 323 U.S. 101, 105 (1944). *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004). Plaintiff fails to establish a justiciable case or controversy, and the court dismisses his claims with prejudice.

**IT IS THEREFORE ORDERED** that the plaintiff's complaint is dismissed with prejudice.

-9-

**IT IS FURTHER ORDERED** that defendants' motions for summary judgment (Docs. 52, 54) are denied as moot.

Dated this 12th day of June 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
